**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NIKHIL KUMAR** | **CIVIL ACTION NO. 26-561-P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **ELEAZAR GARCIA, JR., ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause (Doc. 5) filed by Nikhil Kumar ("Petitioner"). Petitioner is an immigration detainee at the Winn Correctional Center seeking release from detention. According to the habeas petition (Doc. 1), Petitioner is a native and citizen of India who entered the United States without inspection on or about September 30, 2023. He claims that shortly thereafter, U.S. Customs and Border Protection detained him. He claims that on October 1, 2023, he was issued a Notice to Appear and released on his own recognizance. He claims he was placed in regular removal proceedings and charged as an "alien present in the United States who has not been admitted or paroled." He claims that he timely filed his Application for Asylum, Withholding of Removal under INA § 241b(3), and protection under the Convention Against Torture on December 26, 2023 and it is pending before an immigration judge. Petitioner alleges he was re-detained on January 22, 2026, after a traffic stop. He alleges that he does not have an administrative final order of removal.

Petitioner claims his ongoing and potentially indefinite detention without any individualized custody determination violates the Due Process Clause and Equal Protection Clause of the Fifth Amendment and is unconstitutional. He also claims his continued detention is unlawful under the Immigration and Nationality Act and its implementing regulations. Petitioner claims his re-detention violates the Administrative Procedure Act as arbitrary and capricious. He also claims his detention violates the Suspension Clause of the United States Constitution. Petitioner claims his arrest was unlawful under the Accardi doctrine.

In his habeas petition, Petitioner is seeking his immediate release from detention.

In this Motion to Show Cause (Doc. 5), Petitioner asks the court to order Respondents to respond to his habeas petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243. Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." Danforth v. Minnesota, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to

petitions filed under § 2241. See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc.5) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order. Petitioner shall have **seven days** to reply.

**THE CLERK IS INSTRUCTED** to provide a copy of this Order to the Civil Chief in the United States Attorney's Office for the Western District of Louisiana and grant her access to the pleadings.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 24th day of March 2026.

Mark L. Hornsby
U.S. Magistrate Judge